FILED
United States Court of Appeals
Tenth Circuit

February 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

A.V. AVINGTON, JR.,

    Plaintiff - Appellant,

v.

INDIAN HEALTH CARE RESOURCE
CENTER OF TULSA,

    Defendant - Appellee.

No. 17-5099
(D.C. No. 4:17-CV-00235-JED-MJX)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff A.V. Avington, Jr., proceeding pro se, filed a civil rights complaint

accusing the Indian Health Care Resource Center of race and age discrimination, as well

as intentional infliction of emotional distress, under a theory of respondeat superior.

Plaintiff alleged that when he entered the Center as a walk-in patient, he was made to

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

wait longer to see a doctor because he is black. Plaintiff claims that white walk-in patients were seen more promptly, though his complaint did not provide factual support explaining how he knew the other people in the clinic were also walk-in patients or that their medical conditions were not more serious than his. Plaintiff did eventually see a doctor that afternoon after waiting five-and-a-half hours.

Plaintiff sought in forma pauperis status, which led the district court to review his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). In doing so, the district court noted that Plaintiff's purported claims of race and age discrimination relied heavily on Title VII and employment-related allegations, yet "the Complaint contains no facts that would state a plausible claim of employment discrimination." (District Court Opinion and Order at 4.) The district court opined that Plaintiff may have copied his employment-related allegations from "other complaints that he has filed in this courthouse." (*Id.*) As Plaintiff is not and has never been an employee of the Center, the district court dismissed any employment discrimination claims with prejudice.

Though Plaintiff only made a "passing reference to § 1981," the district court also considered whether the Complaint had stated a claim for "'racial discrimination in the making, performance, modification, and termination of contracts, and the enjoyment of all the benefits, privileges, terms, and conditions of the contractual relationship.'" (*Id.* at 5 (quoting *Reynolds v. School Dist. No. 1 of Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995) (quoting 24 U.S.C. § 1981)).) The district court concluded that Plaintiff's § 1981 claim failed because he had "not alleged facts supporting a plausible claim that any alleged intentional discrimination interfered with a contract," and dismissed this

2

claim with prejudice. (*Id.*) Lastly, the district court determined that Plaintiff's "Complaint does not set forth any facts that would rise to the level of outrageousness required to set forth an emotional distress claim under Oklahoma law," and dismissed his claim for intentional infliction of emotional distress with prejudice as well. (*Id.* at 7.)

Plaintiff filed a motion to reconsider the district court's dismissal of his complaint with prejudice, arguing that he had set forth a claim of retaliation for exercise of constitutional rights and should be given the opportunity to amend his complaint. The district court denied the motion on the grounds that Plaintiff had not addressed the authorities or analysis set forth in the district court's order but merely asked to revisit issues that had already been addressed. The district court further explained that the Complaint never asserted a substantive due process claim, and even if it had, the factual allegations in the Complaint would not have supported such a claim.

Plaintiff now appeals, asserting that the district court abused its discretion in refusing to allow him to amend his complaint to make a racial discrimination claim under Title VI of the Civil Rights Act of 1964, which prohibits "discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff did not make a Title VI claim in his Complaint or in his motion for reconsideration. Indeed, it appears that this theory of the case was never presented to the district court. Moreover, though a Title VI claim is somewhat more factually appropriate, assuming that the Indian Health Care Resource Center receives federal financial assistance, allowing Plaintiff to amend his complaint to include a Title VI cause of action would have been futile because the alleged facts do not support a plausible discrimination claim.

3

Plaintiff asserts that he was treated differently on the basis of race, alleging that white walk-in patients were seen before him. Plaintiff offers no factual support to show how he knew whether these patients had appointments or were truly walk-in patients like him, despite the fact that the district court already pointed out this deficiency in his complaint. Even if we take the walk-in status of the white patients as true, Plaintiff has not alleged facts to show that these patients had similar or less severe medical conditions than his. Under Plaintiff's alleged facts, several nondiscriminatory reasons exist for allowing the other patients to be seen sooner. Plaintiff alleges that the triage receptionist told him that the other patients' needs were more important than his. This allegation does not establish that he was discriminated against, since a triage receptionist at a medical center must prioritize patients according to their appointments and the severity of their conditions. The triage receptionist may have also prioritized other patients who did not have Plaintiff's documented history of missing scheduled appointments at the Center. Although pro se plaintiffs are usually allowed to amend their complaints, dismissal with prejudice for failure to state a claim is proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (citation omitted). The district court did not abuse its discretion in dismissing Plaintiff's Complaint with prejudice for failure to state a claim.

For the foregoing reasons, and for substantially the same reasons given by the district court, we **AFFIRM** the dismissal of this case with prejudice. We **DENY**

4

Plaintiff's request for court-appointed counsel.

Entered for the Court


Monroe G. McKay
Circuit Judge